■ In the Matter of DAVID ONTARIO C. ST. VINCENT's SERVICES, INC., et al., Respondents; GWENDOLYN C., Appellant. [858 NYS2d 916]—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding

and disposition of the Family Court, Kings County (Pearl, J.), dated May 1, 2007, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the subject child to the Commissioner of Social Services and St. Vincent's Services, Inc., for the purpose of adoption. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Joan N.G. James is relieved as counsel for the appellant, and is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Robert J. Marinelli, 26 Court Street, Suite 1815, Brooklyn, N.Y., 11242, is assigned as counsel to perfect the appeal from the order of fact-finding and disposition dated May 1, 2007; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the petitioner shall serve and file its brief within 120 days of the date of this decision and order. By prior decision and order on motion of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not limited to, whether the appellant failed to plan for the child's future for a period of more than one year following the date he came into the petitioner agency's care (*see* Social Services Law § 384-b [7] [a]). Rivera, J.P., Spolzino, Dickerson and Eng, JJ., concur.